IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 DEC 13 PM 3:32

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| VICTOR LIPFORD, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2857-D/P |
| UNITED STATES OF AMERICA, | X | |
| Defendant. | X | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

On October 26, 2004, Plaintiff Victor Lipford, Bureau of Prisons (BOP) inmate registration number 07157-084, an inmate now housed at the Federal Correctional Institution (FCI) in Bennettsville, South Carolina, filed this complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, and paid the filing fee. On November 15, 2004, the Court entered an order directing Lipford to effect service of process upon the defendant.

On September 20, 2005, Lipford filed a motion for appointment of counsel. A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

complexity of the factual and legal issues involved, and the ability of the litigant to represent herself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[1] Lipford has not effected service on the defendant. At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard.

---

[1] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

2

The Court concludes that an appointment of counsel is not warranted and the motion for appointment of counsel is DENIED.


IT IS SO ORDERED this __13__ day of December, 2005.

                                              BERNICE B. DONALD
                                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 2:04-CV-02857 was distributed by fax, mail, or direct printing on December 14, 2005 to the parties listed.

---

Victor W. Lipford
07157-084
P.O. Box 52020
Bennettsville, SC 29512

Honorable Bernice Donald
US DISTRICT COURT